IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESLEY MCCOY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | NO.  15-6041 |
| et al. | : | |

## MEMORANDUM

**DAVIS, J.**                                                   **NOVEMBER 16, 2015**

Plaintiff Wesley McCoy brings this civil rights action based on his conviction in state court and the suspension of his driver's license.  For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss the complaint.

## I.      FACTS[1]

Plaintiff's license has been repeatedly suspended due to numerous traffic violations.[2] Plaintiff was recently convicted in state court of driving under the influence, which appears to have resulted in another term of supsension.  *See Commonwealth v. McCoy*, Docket No. CP-51-CR-0007218-2013 (Phila. Court of Common Pleas).  The judge presiding over that case vacated her initial sentence and resentenced plaintiff to a new term of incarceration to be followed by probation.  Plaintiff alleges that the verdict was against the weight of the evidence and that there were other deficiencies in the proceedings.

Plaintiff initiated this action, pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, against the Commonwealth of Pennsylvania, the Department of Motor Vehicles/PennDOT, and the PH111

---

[1] The following facts are taken from the complaint and documents attached to the complaint.

[2] Plaintiff's history of traffic violations is recounted in a January 10, 2015 letter to plaintiff from the Pennsylvania Department of Transportation, which explained to plaintiff how he could restore his driving privileges.  A copy of the letter is attached to the complaint.

Traffic Court.  He appears to be alleging that his constitutional rights were violated by his conviction and imprisonment, and the revocation of his license.  He also asserts negligence claims.  Plaintiff seeks $10 million in damages.

## II.     STANDARD OF REVIEW

The Court will grant plaintiff leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees necessary to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  As plaintiff is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

The Eleventh Amendment precludes a private party from bringing claims against a state, or departments or agencies of a state, in federal court.  *See MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001).  In this case, plaintiff has named as defendants the Commonwealth of Pennsylvania, the Department of Motor Vehicles/PennDOT, and the PH111 Traffic Court.  All of those entities are entitled to Eleventh Amendment immunity from plaintiff's claims.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lynch v. City of Phila.*, 440 F. App'x 117, 119 (3d Cir. 2011); *Nails v. Pa. Dep't of Transportation*, 414

F. App'x 452, 455 (3d Cir. 2011) (per curiam); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005).  Accordingly, plaintiff cannot state a claim against them.[3]

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint.  Plaintiff will not be given leave to amend because amendment would be futile.  An appropriate order follows, which shall be docketed separately.

---

[3] Furthermore, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted).  To the extent plaintiff is challenging convictions or imprisonment that has not been overturned or called into question, his claims are not cognizable in a civil rights action.